MacADAM & FOSTER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10443. Promulgated October 24, 1927.

MOVING EXPENSE.—The expense of physically moving petitioner's machinery from one location to a new location *held* not to constitute an improvement or capital expenditure, but rather an ordinary and necessary business expense.

*Edward H. Lockwood, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income tax in an amount less than $10,000 for the calendar year 1920.

The petitioner alleges that the Commissioner erred in disallowing a deduction taken as an ordinary and necessary business expense for the cost of moving petitioner's machinery to a new location.

### FINDINGS OF FACT.

MacAdam & Foster, Inc., was incorporated under the laws of New York on or about January 1, 1920, and is engaged in the business of manufacturing paper boxes at No. 103 Lexington Avenue, Brooklyn.

Prior to January 1, 1920, A. E. MacAdam & Co., Inc., conducted at No. 97 Lexington Avenue, Brooklyn, one department of its business where paper boxes were manufactured. A. E. MacAdam was the president and Alfred E. Foster, Jr., was the secretary of the said corporation, and those two men held practically all of the outstanding stock. The paper-box department was organized during 1919, at which time new machinery was purchased, installed and operated at No. 97 Lexington Avenue.

During December, 1919, MacAdam and Foster decided to incorporate the paper box department as a separate business and the petitioner was organized for that purpose. MacAdam and Foster took practically all of the stock and Foster was made president of petitioner. On January 1, 1920, petitioner purchased from A. E. MacAdam & Co., Inc., all of the machinery used in its paper box department for the amount which said machinery cost A. E. MacAdam & Co., Inc., including cost of installation, less the depreciation sustained during 1919. At the time the said machinery was purchased it was known that it would be moved to No. 103 Lexington Avenue as soon as the new building on those premises could be completed. The petitioner operated its plant at No. 97 Lexington Avenue during January and February, 1920, and paid rent to A. E. MacAdam & Co., Inc., owner of the building, for the space occupied. About March, 1920, petitioner moved its machinery and equipment to its new location at No. 103 Lexington Avenue at a cost of $4,400, of which amount $3,000, was the actual cost of physically moving the machinery from one building to another and $1,400, was the actual cost for connecting up the machinery in the new location and also for new motors.

OPINION.

TRUSSELL: When machinery is purchased and set up ready for use, the cost installation is naturally a part of the original cost of such machinery and constitutes a capital expenditure, for the machinery is not ready for use until installed and, also the installing of machinery constitutes an improvement. In the case at bar A. E. MacAdam & Co., Inc., purchased, installed, and operated machinery for manufacturing paper boxes and on January 1, 1920, the petitioner took over the plant and continued the operations. The petitioner purchased the machinery as it stood ready for operations and paid the amount which it had cost A. E. MacAdam & Co., Inc., including the original installation cost, less sustained depreciation. Petitioner operated its plant at No. 97 Lexington Avenue for two months, paid rent for the space occupied and then moved to a new location at No. 103 Lexington Avenue. The expense of physically moving the machinery from one building to the other amounted to $3,000, which was not an installation cost or improvement made, but rather a business expense of moving from one location to another. Such an expense is certainly an ordinary and necessary business expense within the meaning of section 234 (a) (1) of the Revenue Act of 1918. Petitioner is entitled to a deduction in the amount of $3,000 from gross income for the year 1920.

*Order of redetermination will be entered upon 15 days' notice, pursuant to Rule 50.*

Considered by LITTLETON, SMITH, and LOVE.